IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re:<br><br>**SKYPORT GLOBAL COMMUNICATIONS, INC.,**<br><br>Debtor. | § § § § § § § § | **Case No. 08-36737-H4-11** |
| **SKYPORT GLOBAL COMMUNICATIONS, INC.,**<br>Plaintiff,<br><br>v.<br><br>**ADVANCED PROJECTS INTERNATIONAL, INC.,**<br>Defendant. | § § § § § § § § § § § § | **Adversary No. 09-03373** |

## SCHEDULING ORDER

On September 23, 2009, SkyPort Global Communications, Inc. (SkyPort) initiated the above-referenced adversary proceeding (the Adversary Proceeding) against Advanced Projects International, Inc. (API). [Adv. Docket No. 1.] On September 25, 2009, this Court held a hearing, the purpose of which was to discuss various issues relating to the hearing to be held on API's Application for Allowance and Payment of Administrative Expenses (the Application) [Main Case, Docket No. 142], and SkyPort's Response in opposition thereto [Main Case, Docket No. 161]. For the reasons stated on the record at this hearing, this Court has decided to consolidate the Adversary Proceeding and the Application, and will hold one trial for these matters.

The Court takes this action pursuant to Federal Rule of Civil Procedure 42(a). Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The purpose of consolidation is to permit trial convenience and economy in administration. *Gordon v. Eastern Air Lines, Inc. (In re Air Crash Disaster at Florida Everglades on December 29, 1972)*, 549 F.2d 1006, 1014 (5th Cir. 1977). The Fifth Circuit has held that "[t]he trial court's managerial power is especially strong and flexible in matters of consolidation." *Id.* at 1013. Indeed, the courts of this Circuit "have been 'urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973) (quoting *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966)). Here, the Court finds that consolidating the issues raised in the Adversary Proceeding and the Application will "expedite the trial and eliminate unnecessary repetition and confusion." *Moody Nat'l Bank of Galveston v. GE Life & Annuity Assurance Co.*, 383 F.3d 249, 251 (5th Cir. 2004).

Moreover, the Court has decided to expedite holding a trial because this Court has already held a hearing estimating API's claim for plan confirmation purposes, and issued a ruling thereon. [Main Case, Docket No. 328.] Thus, the parties have already spent substantial time preparing for at least some, if not all, of the issues that will be tried pursuant to this scheduling order. The Court has also decided to expedite the trial based upon the reasons set forth on the record at the hearing held on September 25, 2009. Accordingly, it is:

ORDERED that the Adversary Proceeding and the Application are hereby consolidated and will be tried simultaneously; and it is further

ORDERED that API shall file its answer, and any counterclaims, by no later than October 5, 2009; and it is further

2

ORDERED that all discovery shall be completed by November 23, 2009; and it is further

ORDERED that all responses to discovery requests (including, but not limited to, interrogatories, document production requests, and requests for admission) shall be filed within ten (10) days of the receipt of the written discovery request; and it is further

ORDERED that all written discovery requests shall be sent by e-mail or telecopy; and it is further

ORDERED that the parties shall exchange exhibits and witness lists by noon on December 7, 2009; and it is further

ORDERED that no pretrial statement shall be required; and it is further

ORDERED that the trial on the merits of the Adversary Proceeding and the Application shall begin at 1:30 p.m. on December 9, 2009; and it is further

ORDERED that absent extraordinary circumstances, no continuances of any of the deadlines and the trial date set forth above shall be granted; and it is further

ORDERED that no continuances of any kind shall be granted without an order from this Court, and the parties themselves may not agree to a continuance without an order from this Court.

Signed on this 25th day of September, 2009.

_____
Jeff Bohm
United States Bankruptcy Judge