IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | |
| Debtor | § | (Chapter 11) |
| | § | |
| SKYPORT GLOBAL | § | ADV. NO.   09-03373 |
| COMMUNICATIONS, INC., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| ADVANCED PROJECTS . | § | |
| INTERNATIONAL, INC. | § | |
| | § | |
| Defendant | § | |

**SKYPORT GLOBAL COMMUNICATIONS, INC.'S REPLY TO DEFENDANT'S
COUNTERCLAIMS TO SKYPORT GLOBAL COMMUNICATIONS, INC.'S
<u>ORIGINAL COMPLAINT</u>**
**(Responds to Docket #4)**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Plaintiff/Counter-Defendant SkyPort Global Communications, Inc. (hereinafter "SkyPort" or the "Plaintiff/Counter-Defendant") and files this reply to Advanced Projects International, Inc.'s (hereinafter "API" or the "Defendant/Counter-Complainant") Counterclaim as follows:

Paragraphs 1-47 are answers and not counterclaims, therefore require no response.

<u>**JURISDICTIONAL STATEMENT**</u>

48.    Paragraph 48 is admitted.

49.    Paragraph 49 is denied on the basis that the counterclaim is a non-core "related-to" proceeding.

1

## PARTIES

50. Paragraph 50 is admitted, however denied as to API's claim it is the unsecured creditor of the Debtor.

51. Paragraph 51 is denied on the basis that SkyPort has re-organized and confirmed its plan and is therefore no longer a Debtor.

## GENERAL ALLEGATIONS

52. Paragraph 52 is admitted.

53. Paragraph 53 is admitted.

54. Paragraph 54 is admitted, except denied as to the dates of the contracts.

55. Paragraph 55 is denied.

56. Paragraph 56 is denied.

57. Paragraph 57 is denied.

58. Paragraph 58 is denied.

59. Paragraph 59 is denied on the basis that API breached the contract.

## FIRST CAUSE OF ACTION

### (Breach of Contract/Common Counts)

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

62. Paragraph 62 is denied.

63. Paragraph 63 is denied.

64. Paragraph 64 is denied.

65. Paragraph 65 is denied.

66. Paragraph 66 is denied.

67. Paragraph 67 is denied.

## THIRD CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

68. Paragraph 68 is denied.

69. Paragraph 69 and all following paragraphs are denied.

## AFFIRMATIVE DEFENSES

70. The Counter-Plaintiff has waived (and is barred and enjoined) from asserting claims for additional relief beyond their application for administrative expenses. API has failed to assert the counterclaims prior to the entry of the confirmation order, which provided the exclusive mechanism for determining pre-petition and post-petition obligations. The confirmation order contains a bar date for administrative expenses and the counterclaim was filed after the bar date. The prepetition obligations have been discharged by this Court.

71. Likewise, principles of *res judicata* bar the assertion of new claims after entry of the confirmation order, as API was a party to the confirmation proceedings and raised an objection, which was overruled or withdrawn. All claims by API that were not timely asserted before the bar date were discharged in bankruptcy - a bankruptcy in which API participated.

72. The Counter-plaintiff is barred under principles of accord and satisfaction. The Counter-plaintiff agreed to accept reduced payments on disputed invoices and did. The Counter-plaintiff is barred by estoppel because it acted during the case as if the post-petition service contract for three hubs replaced the earlier pre-petition service contract for one hub.

73. Counter-Plainitff has failed to comply with Fed. R. Bankr. P. 7007.1 and 7008. Its counterclaims should be dismissed for failure to comply with those provisions.

74. Any claim for fraud was not plead with sufficient particularity to comply with the strict requirements of Fed. R. Civ. P. 9(b) as made applicable by Fed. R. Bankr. P. 7009. There is a fleeting reference to fraud without any outline of any factual predicate from which one could adduce fraud.

3

WHEREFORE, SKYPORT GLOBAL COMMUNICATIONS, INC., Requests that the Counterclaim be dismissed and that Defendant take nothing on such claim.

Dated: October 7, 2009

        Respectfully submitted,

        McKool Smith,  P.C.

        _____*/s/ Hugh M. Ray, III*_____
        HUGH M. RAY, III
        State Bar No. 24004246
        600 Travis, Suite 7000 (Temporarily 6720)
        Houston, TX 77002
        Telephone:   (713) 485-7300
        Facsimile:    (713) 785-7344

        Attorney for DEBTOR/PLAINTIFF
        SKYPORT GLOBAL COMMUNICATIONS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2009, a true and correct copy of foregoing document was served by the U.S. Mail and/or ECF upon the following:

Calvin C. Braun
Orlando & Braun
3401 Allen Parkway, Suite 101
Houston, Texas 77019
Fax: 713-521-0842

        _____*/s/ Hugh M. Ray, III*_____
        Hugh M. Ray, III